The Honorable Robert L. Herzfeld, Jr. Prosecuting Attorney Twenty-Second Judicial District 102 South Main Street Benton, AR 72015
Dear Mr. Herzfeld:
I am writing in response to your request for an opinion concerning a special election on a county sales tax. Your question is as follows:
 Considering that there is a statewide non-partisan election held concurrently with the preferential primary, and that the State of Arkansas now funds preferential primaries, can a Quorum Court place the issue of a temporary sales tax and bond issuance for jail construction on the ballot this May 18, 2004?[1]
RESPONSE
It is my opinion that an argument can be made in favor of submitting a local sales tax issue to the voters at a special election held simultaneously with the preferential primary election on May 18, 2004, provided a separate ballot is used.[2] The question is not free from doubt, however, and may ultimately require resort to the courts for resolution.
At the heart of your inquiry is the question of whether any voter will be unconstitutionally disenfranchised if the special sales tax election is held simultaneously with the preferential primary election. A similar question was explored by one of my predecessors with regard to legislation proposing the election of nonpartisan constitutional convention delegates at a preferential primary.[3] It was concluded in Attorney General Opinion 96-089 that the argument against holding an election on nonpartisan issues at the same time and place as the primary has been diffused by various changes in state law governing the conduct of elections. I have enclosed the opinion for your review. I will not restate the analysis, with which I agree, other than to note that concerns have in all likelihood been further lessened by the fact that the general elections for nonpartisan judicial offices will be held simultaneously with the preferential primary elections. See A.C.A. §7-10-102 (Supp. 2003). Those who do not participate in party primaries presumably will participate in these elections. The prospect of disenfranchising voters in the special sales tax election is arguably even less apparent when it is recognized that the day's voting will include the nonpartisan judicial elections, which will also provide for a separate vote by independent and third-party voters. Id. at subsection (c) (providing that "[n]o voter shall be required to vote in a political party's preferential primary in order to be able to vote in nonpartisan judicial elections.")
It is therefore my opinion that an argument exists in favor of the Quorum Court's authority to call a special election on a sales tax on May 18, 2004, the same day as the preferential primary election, assuming that a separate ballot is provided for this purpose.[4] Nevertheless, I must note that according to my research no court has been faced with this precise question. While it is my opinion that Mears v. City of LittleRock, 256 Ark. 359, 508 S.W.2d 750 (1974) (discussed in Op. Att'y Gen.96-089) may be effectively distinguished based on subsequent changes in state law, no definitive answer is possible until the issue is addressed judicially.
When considering this question, reference should also be made to the State Board of Election Commissioners' authority over party primaries, and specifically its authority to adopt rules for administering primary elections. See A.C.A. § 7-7-201(b)(1) (Supp. 2003). Because the State Board's rules could conceivably impact the procedures in conducting a special sales tax election simultaneously with a primary, it may be advisable to contact the State Board in this regard. It should perhaps also be noted, finally, that while the State bears the expense of the party primaries (A.C.A. § 7-7-201(a) (Supp. 2003)), the county bears general responsibility for the costs of the special election on the sales tax. See, e.g., A.C.A. §§ 7-4-107(c) (Supp. 2003) (per diem and mileage of election officials) and 7-5-508(b) (Repl. 2000) (cost of preparing voting machines); see also Op. Att'y Gen. Nos. 93-350 and 93-125. I am uncertain how these respective responsibilities will be addressed when planning the special election on the sales tax, and this further suggests the need to consult the State Board regarding the conduct of the election.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:EAW/cyh
[1] Although you have not identified the particular statutory authority under which the Quorum Court intends to proceed in presenting this sales tax issue to the voters, my review of the potentially applicable statutes indicates that a special election is generally authorized for sales tax levies. See, e.g., A.C.A. §§ 14-164-327 and 26-74-207 (Supp. 2003). I thus assume as an initial matter in responding to your question that the tax may be voted on at a special election.
[2] The preferential primary election is held on the Tuesday three weeks prior to the general primary election, in accordance with A.C.A. §7-7-203 (Supp. 2003). The upcoming general primary date is June 8, 2004 (see subsection (a) of § 7-7-203) (setting the general primary on the second Tuesday of June)). Thus, the preferential primarily will be held on May 18, 2004.
[3] The proposed legislation was not enacted into law. State law continues to provide for the election of convention delegates at a general election. A.C.A. § 7-9-302 (Repl. 2000).
[4] A separate ballot is compelled not only as a constitutional matter, in my opinion, but also under A.C.A. § 7-7-306 (Repl. 2000), which requires that the party primary ballot shall contain "only the names of persons seeking offices to be voted upon as a nominee or candidate of that political party."